■ In the Matter of JOHN E. McINTOSH, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— The petitioner, licensed by the Education Department as a surveyor, appeals from a determination of the State Board of Examiners of Professional Engineers and Land Surveyors which suspended his license for one year. The charge was a violation of section 7210 of the Education Law and, following a hearing, the board determined that the petitioner was guilty of fraud and deceit in accordance with paragraphs d and g of subdivision 1 which read: " d. Upon proof that the holder of such license is falsely impersonating a practitioner or former practitioner or is practicing under an assumed or fictitious name." " g. Upon proof that the holder of such license is guilty of fraud or deceit or of gross negligence, incompetency or misconduct in the practice of professional engineering or land surveying." The facts, as essential to this decision, show that the petitioner, a licensed surveyor, had printed letterheads bearing the firm name " John E. McIntosh Associates ", below which appeared " Engineers, Architects, Surveyors " and listed also were a number of named associates who testified that they never gave permission to the petitioner to use their names in such form of advertising. There was also evidence that the petitioner, under the guise of " Associates ", rendered a building elevation design for a town hall, which is an engineering job. On the basis of this testimony, the petitioner was found guilty and his license suspended for one year. On this appeal, the petitioner questions the constitutionality of section 7210 as to the procedural requirements and its indefiniteness. While the procedural requirements of the statutes and regulations for the supervising of the professions are at some variance, the format is essentially standard. The procedure for all professions is substantially that a complaint is made and investigated, and if deemed essential, the filing of charges follow. A hearing before a subcommittee is held and witnesses allowed to testify. The testimony thereafter is reported to the full committee which, in turn, makes its recommendations to the Board of Regents which has the authority to confirm, reject or make its own findings. In reality, each profession polices its own members. The petitioner here contends that the statute and regulations are unconstitutional in that they prescribe, in effect, that the investigation, charge and trial are all directed and heard by the same body — the Board of Examiners — of the particular profession, and that thus the board casts itself in the role of accuser and judge, and creates a close inter-relation with the prosecutor, which is a denial of due process. This and the other procedural objections made by the petitioner have been argued in many similar types of cases without avail. (*Barsky* v. *Board of Regents,* 347 U. S. 442, affg. 305 N. Y. 89.) In the final analysis, it is the responsibility of the Board of Regents to determine that the motivations for any form of discipline are within the intent of the law. Here, there is a factual issue within the framework of the statute and we are in accord with the findings. We find that the measure of discipline was excessive. Accordingly, the determination of the board is modified by reducing the suspension period to four months and, as modified, in all other respects affirmed, without costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.